UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
**FRED W. VAN KIRK, JR.**,

                      Plaintiff,                       **MEMORANDUM
                                                                                 AND ORDER**
                -against-                                   1:20-CV-00062-AMD-LB

**T. ROWE PRICE ASSOCIATES, INC., and
SEMPRA ENERGY**,

                      Defendants.
-------------------------------------------------------------X
**ANN M. DONNELLY**, United States District Judge:

      On October 22, 2019, the *pro se* plaintiff brought this action in the Queens County Supreme Court (Index No. 717899/2019), against T. Rowe Price and Sempra Energy,[1] seeking to recover the proceeds of a 401(k) retirement plan that he claims the defendants improperly disbursed in 2012. (ECF No. 1-1 at 3-5, "Complaint.") The defendants removed the action to this Court on January 3, 2020, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, which governs "employment benefit plans" like the plaintiff's 401(k) plan. (ECF No. 1.) On January 31, 2020, the defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) For the reasons set forth below, the defendants' motion is granted, and the plaintiff is given leave to amend his complaint.

---

[1] It appears that Sempra Energy was incorrectly named as a defendant, and that the plaintiff's former employer is San Diego Gas & Electric Company ("SDG&E"), a subsidiary of Sempra Energy. (ECF. No. 11-1 at 1.) As the complaint contains no specific allegations against Sempra Energy or SDG&E, they are dismissed from this action.

1

## BACKGROUND[2]

The plaintiff worked for SDG&E for ten years before retiring in October of 2009. (Compl. ¶ 2.) During his employment, the plaintiff contributed to a 401(k) retirement plan administered by defendant T. Rowe Price. (*Id.*)[3] On March 1, 2012, T. Rowe Price issued a check to the plaintiff in the amount of $165,372.08, which constituted the entirety of his 401(k) account minus taxes. (*Id.* ¶ 3.) An agent purportedly acting on the plaintiff's behalf via a written power of attorney authorized the disbursement and requested that T. Rowe Price mail the check to the plaintiff at 6234 138th Street, Flushing, NY 11367. (*Id.* ¶¶ 3, 4.) The plaintiff claims that he never executed the power of attorney that authorized the disbursement of his retirement funds, never received the check for those funds, and does not live at the address to which the check was sent. (*Id.* ¶ 6.) When the plaintiff contacted T. Rowe Price to inquire about the disbursement of his account, they told him that he might be a victim of identity theft, and that he should contact the police. (*Id.* ¶ 7.) The plaintiff alleges that T. Rowe Price should have confirmed his address before they mailed the check and verified the power of attorney authorization before disbursing the funds. (*Id.* ¶ 8.) The plaintiff seeks to recover the total value of the 401(k) account on the date it was disbursed—$225,986.40—plus interest and accrued earnings. (*Id.* ¶ 8.)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A claim has facial plausibility when it "pleads factual content that

---

[2] The facts are drawn from the plaintiff's complaint and are assumed to be true for the purposes of this motion. *Town of Babylon v. Fed Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

[3] The defendants claim that SDG&E was the administrator and fiduciary of the Plan (ECF No. 11-1 at n.1), and that T. Rowe Price was the plan's servicer (ECF No. 11-3).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; the plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556, 570). A court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Id.* (citing *Twombly*, 550 U.S. at 555).

Because *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court interprets the complaint liberally to raise the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 476 (2d Cir. 2006); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). However, this does not "exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal citation and quotation marks omitted). Further, a court "need not argue a *pro se* litigant's case nor create a case for the *pro se* [litigant] which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995). "When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim." *Malachi v. Postgraduate Ctr. for Mental Health*, No. 10-CV-3527, 2013 WL 782614, at *1 (E.D.N.Y. Mar. 1, 2013) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

A court considering a motion to dismiss pursuant to Rule 12(b)(6) is generally limited to the factual allegations in the complaint and documents attached to the complaint. *Faconti v. Potter*, 242 F. App'x 775, 777 (2d Cir. 2007) (summary order). The court may also consider documents in the plaintiff's possession—even if not attached to the complaint—as well as

3

documents within the plaintiff's knowledge and upon which he relied in bringing suit. *Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir.1993). Accordingly, the Court considers the letter that T. Rowe Price sent to the plaintiff—attached as an exhibit to the defendants' motion to dismiss (ECF. 11-3)—because the plaintiff knew about the letter and clearly relied on the information in the letter in his complaint. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014).

The plaintiff did not submit any opposition to the defendant's motion, despite several extensions of his deadline to do so. However, failure to respond to a Rule 12(b)(6) motion does not automatically lead to dismissal, because the legal question presented by a Rule 12(b)(6) motion can be decided by determining the merits of the claims presented in the complaint. *See Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010); *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.").

## DISCUSSION

### I.   Subject Matter Jurisdiction

The plaintiff's claim involves the wrongful disbursement of retirement benefits from his 401(k) plan by the plan's administrator, T. Rowe Price. (Compl. ¶ 2.) Although the plaintiff does not specifically allege a claim under ERISA, a 401(k) plan is a "common defined contribution plan" that qualifies for ERISA protections. 29 U.S.C. § 1002(34); *see Hirt v. Equitable Ret. Plan for Employees, Managers, & Agents*, 533 F.3d 102, 104 (2d Cir. 2008). Because the plaintiff seeks damages for T. Rowe Price's mismanagement of his benefits under the plan, his claim likely falls under 29 U.S.C. § 1132(a)(3), which provides that "a civil action may be brought . . . by a participant, beneficiary, or fiduciary" in order to "obtain other

4

appropriate equitable relief to (i) redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (holding that individuals may bring a civil action against the plan administrator to recover personal damages for the administrator's breach of its fiduciary duty).[4]  District courts have exclusive jurisdiction over claims brought under 29 U.S.C. § 1132(a)(3). *See* 29 U.S.C. § 1132(e)(1) ("Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title."). Thus, I have jurisdiction over the plaintiff's claim.

## II.    The Plaintiff's Claims are Untimely

The defendants argue that the plaintiff's claim is barred by ERISA's six-year statute of limitations for claims involving a breach of fiduciary duty. (ECF. No. 11-1 at 3).  An action pursuant to 29 U.S.C. § 1132(a)(3) must be commenced either six years after "the date of the last action which constituted a part of the breach or violation" or three years after "the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(1)(A). The plaintiff alleges that T. Rowe Price wrongfully disbursed his entire retirement account on March 1, 2012—seven years and eight months before the plaintiff filed his complaint. (Compl.

---

[4] Although the plaintiff might argue that he seeks "to recover benefits," "to enforce . . . rights," "or to clarify . . . rights to future benefits under the terms of the plan" pursuant to 29 U.S.C. § 1132(a)(1)(B), he does not allege that T. Rowe Price incorrectly interpreted the plan or wrongfully denied him benefits pursuant to a specific plan provision. *See Sagramsingh for E.S. v. Welfare Fund of Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D*, No. 19-CV-4627, 2020 WL 837371, at *2 (E.D.N.Y. Feb. 20, 2020). The crux of the plaintiff's argument is that T. Rowe Price was negligent in its administration of his funds, thereby breaching its fiduciary duty to the plaintiff. (Compl. ¶ 2.) Because Section 1132(a)(3) governs individual recoveries for breaches of a fiduciary duty by a plan administrator, and provides a "safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy," I apply that section to the plaintiff's claims. *DeRogatis v. Bd. of Trustees of Welfare Fund of Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO*, 385 F. Supp. 3d 308, 315 (S.D.N.Y. 2019) (quoting *Varity Corp.*, 516 U.S. at 512).

5

¶ 3.) Because the complaint does not specify when the plaintiff discovered the defendants' mistake, the date of the actual breach governs the limitations analysis. Accordingly, the plaintiff's claim is untimely and must be dismissed. *See Costa v. Astoria Fed. Sav. & Loan Ass'n*, 995 F. Supp. 2d 146, 152-53 (E.D.N.Y. 2014) (despite the plaintiff's *pro se* status, a complaint filed seven years and five months after the expiration of the six-year statute of limitations was untimely).

Although the plaintiff does not specify how and when he discovered that T. Rowe Price disbursed his retirement account, the letter that T. Rowe Price sent to him after he requested information about the distribution of his account is dated September 13, 2019, suggesting that the plaintiff may not have had actual knowledge of the breach until recently—well within the three-year limitations period. (*See* ECF No. 11-3); *see also Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001) ("[A] plaintiff has 'actual knowledge of the breach or violation' within the meaning of ERISA § 413(2), 29 U.S.C. § 1113(2), when he has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act."). Therefore, the plaintiff will have 30 days to amend his complaint to include the date on which he discovered that T. Rowe Price disbursed his account. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (a court must grant leave to amend where a liberal reading of a *pro se* plaintiff's complaint "gives any indication that a valid claim might be stated").

## CONCLUSION

I grant the defendants' motion to dismiss, but give the plaintiff leave to file an amended complaint within 30 days from the date of this order. The plaintiff is encouraged to contact the Federal Pro Se Legal Assistance Project for assistance in filing his amended complaint. If the plaintiff does not amend the complaint within thirty days, judgment dismissing this action will enter.

**SO ORDERED.**

      s/Ann M. Donnelly
      _____
      ANN M. DONNELLY
      United States District Judge

Dated: Brooklyn, New York
      July 16, 2020